UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————————————x
:
UNITED STATES OF AMERICA,          :     Case No. 2:22-CV-11916-TGB-
                                   :     KGA
*Plaintiff,*                       :
                                   :     District Judge Terrence G. Berg
*v.*                               :
                                   :     Mag. Judge Kimberly G. Altman
HERMAN E. SIMMONS,                 :
RICHMOND SIMMONS, and              :
PROFILE INCOME TAX CO.,            :
*d/b/a* SIMMONS INCOME TAX CO.     :
                                   :
*Defendants.*                      :
———————————————————X

**STIPULATED ORDER AND JUDGMENT OF PERMANENT
INJUNCTION AGAINST HERMAN E. SIMMONS, RICHMOND
SIMMONS, AND PROFILE INCOME TAX CO., d/b/a SIMMONS INCOME
TAX CO.**

Plaintiff the United States of America (the "United States") and Defendants

Herman E. Simmons, Richmond Simmons, and Profile Income Tax Co., d/b/a

Simmons Income Tax Co. (together, "Defendants," and with the United States, the

"Parties") stipulate to the entry of an Order and Judgment of Permanent Injunction

("Injunction") as follows:

1.     The United States filed a complaint against Defendants seeking a

permanent injunction under 26 U.S.C. §§ 7402(a) and 7407.

1

2.     The Parties agree that the Court should enter a permanent injunction against Defendants in a form identical or substantially similar to the language contained in this injunction.

3.     Defendants each admit this Court has subject matter jurisdiction and that they are subject to the Court's personal jurisdiction.

4.     The Parties waive entry of findings of fact and conclusions of law.

5.     The Parties understand and agree that the judgment and order of permanent injunction will be entered under Federal Rule of Civil Procedure 65 and will constitute the final judgment against Defendants in this matter. The Parties waive the right to appeal from this judgment and agree that they will bear their own respective costs, including any attorney's fees or other expenses of this litigation.

6.     The Parties agree that no provision in this Injunction, or the fact that they are agreeing to it, constitutes an admission by Defendant to any of the allegations set forth in the Complaint by the United States for any other purpose outside the context of this proceeding. The Parties agree that entry of the Injunction in this case will resolve only the Complaint in this action and will neither preclude the United States from pursuing any other current or future civil or criminal matters or proceedings, nor preclude Defendants from contesting their liability or guilt in any other matter or proceeding.

7.      Subject to Paragraph 6, above, Defendants do not contest the United States' allegation that they have repeatedly engaged in conduct subject to penalty under 26 U.S.C. § 6694 and in other fraudulent or deceptive conduct that substantially interferes with the proper administration of the tax laws.

**ORDER**

It is hereby ORDERED:

1.      Pursuant to 26 U.S.C. §§ 7402(a) and 7407, Defendants Herman E. Simmons, Richmond Simmons, and Profile Income Tax Co., d/b/a Simmons Income Tax Co., their officers, agents, servants, employees, and attorneys, and anyone in active concert or participation with them, are permanently enjoined from directly or indirectly:

    A.      Preparing or assisting in the preparation or filing of federal tax returns, amended returns, and other federal tax documents and forms for anyone other than themselves;

    B.      Advising, counseling, or instructing anyone about the preparation of a federal tax return;

    C.      Owning, managing, controlling, working for, or volunteering for an entity that is in the business of preparing federal tax returns or other federal tax documents or forms for other persons;

    D.      Providing office space, equipment, or services for, or in any other

way facilitating, the work of any person or entity that is in the business of preparing or filing federal tax returns or other federal tax documents or forms for others or representing persons before the IRS;

E.    Advertising tax return preparation services through any medium, including print, online, and social media;

F.    Maintaining, assigning, transferring, holding, using, or obtaining a Preparer Tax Identification Number (PTIN) or an Electronic Filing Identification Number (EFIN);

G.    Representing any person in connection with any matter before the IRS;

H.    Employing any person to work as a federal tax return preparer to prepare returns for someone other than themselves;

I.    Referring any person to a tax preparation firm or a tax return preparer, or otherwise suggesting that a person use any particular tax preparation firm or tax return preparer;

J.    Selling, providing access, or otherwise transferring to any person some or all of the proprietary assets of the Defendants generated by their tax return preparation activities, including but not limited to customer lists; and

K.     Engaging in any conduct subject to penalty under 26 U.S.C. §§

6694, and 6695, or that substantially interferes with the

administration and enforcement of the internal revenue laws.

2.     Pursuant to I.R.C. (Title 26) §§ 7402(a) and 7407, Defendants are

hereby ordered to prominently post a copy of this Injunction (with dimensions of at

least 12 by 24 inches) at all physical locations where they conduct any type of

business (excluding employment for wages at a business that is owned by someone

other than Defendants and that does not offer any services relating to tax return

preparation, accounting, or other financial matters) and to prominently post an

electronic copy of the Injunction on any website or social media site or social

media profile, other than those of a purely personal nature, that they maintain or

create over the next five years.

3.     Pursuant to I.R.C. §§ 7402(a) and 7407, Defendants are hereby

ordered to produce to counsel for the United States, within 60 days of the Court's

order, a list that identifies by name, social security number, address, email address,

and telephone number and tax period(s) all persons for whom Defendants prepared

federal tax returns, amended tax returns, or claims for refund between January 1,

2021, and the date of the Court's order.

4.     Pursuant to I.R.C. §§ 7402(a) and 7407, within 60 days of this Order,

Defendants are hereby ordered to contact by email, if an email address is known,

or otherwise by U.S. Mail, all persons for whom Defendants prepared federal tax returns, amended tax returns, or claims for refund since January 1, 2021, as well as all employees or independent contractors Defendants have employed since January 1, 2021, and inform them of the permanent injunction entered against Defendants by sending each of them a copy of the order of permanent injunction, with no other text, enclosures, or attachments unless approved in writing by the Department of Justice.

5.      Pursuant to I.R.C. §§ 7402(a) and 7407, Defendants are hereby ordered to file, within 90 days of receiving the Court's order, a declaration, signed under penalty of perjury, confirming that they received a copy of the Court's order and are in compliance with the terms described in Paragraphs 1 through 4 of this Stipulation and Order.

6.      The United States is authorized to take post-judgment discovery in order to monitor and ensure Defendants' compliance with this Stipulation.

7.      This Court shall retain jurisdiction over Defendants and over this action to enforce any injunction entered against them.

IT IS SO ORDERED this the __17_ th day of __July____, 2023:

/s/Terrence G. Berg
HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

6

SO STIPULATED AND AGREED TO BY:

DAVID A. HUBBERT
Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

*/s/ Anderson P. Heston*
ANDERSON P. HESTON (NY 5177837)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
(202) 307-6010 (t)
(202) 514-5238 (f)
anderson.p.heston@usdoj.gov
***Counsel for Plaintiff the United States of America***

Local Counsel:

DAWN N. ISON
U.S. Attorney

KEVIN ERSKINE (P69120)
Chief, Civil Division
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-9610
Kevin.Erskine@usdoj.gov

7

HAYDEN LEITHAUSER (P83708)
ROBERT SHOCKLEY (P86235)
Ayar Law Group
30095 Northwestern Hwy., Ste. 102
Farmington Hills, MI 48334
(248) 537-9450 (t)
(248) 436-8117 (f)
hayden@ayarlaw.com
roberts@ayarlaw.com
***Counsel for Defendants Eddie H.
Simmons, Richmond Simmons, and Profile
Income Tax Co., d/b/a Simmons Income
Tax Co.***

HERMAN E. SIMMONS, Defendant

RICHMOND SIMMONS, Defendant

PROFILE INCOME TAX CO.,
   d/b/a SIMMONS INCOME TAX CO.,
   by its authorized representative,
   HERMAN E. SIMMONS

8